## C. P. RUNLETT *vs.* W. DEMERITT.

Two adjoining ranges of lots in a township had been laid out for more than a century. And it was stated in the record of the laying out, and appeared by the original plan of the allotment, that all the lots in both ranges were equal. But no dividing line between the two ranges appeared to have been originally run and marked. A owned a lot in one of the ranges, and B a lot adjoining in the other range ; and it did not appear that any dividing line between their said lots had ever been settled by the owners. It was *held*, that a line so run as to make their two lots equal, was the true line.

THIS was an action of trespass. The first count was for breaking and entering the plaintiff's close in Nottingham, and carrying away his wood.

The second count was for taking and carrying away the plaintiff's wood.

The cause was tried upon the general issue at May term, 1836.

The close described in the declaration was part of lot No. 27 in the Winter-street range, bounded on lot No. 26 in the Summer-street range of lots.

It appeared that the plaintiff was the owner of all the close described in his writ which might be found to lay within the said lot No. 27, and that the defendant had been for some time in possession of the said lot No. 26.

It further appeared that the plaintiff had cut a quantity of wood near the dividing line between said lots Nos. 26 and 27, and left it upon the ground there, and that the defendant had entered and taken it away, and converted it to his own use. And the question was, whether the wood had been cut within the limits of lot No. 27, and where the true line between that lot and the said lot No 26 was.

The Winter-street and the Summer-street ranges of lots were laid out at the same time, more than a century ago ; and all the lots in both ranges were stated in the laying out, and appeared upon the original plan of the town, to be equal.

Runlett
*vs.*
Demeritt.

It did not appear that the dividing line between the two ranges was originally run, and monuments erected, or that there was any line between them, to which the owners of adjoining lots in the two ranges generally agreed.

*D, P, d, c*, on the above plan, is the land in dispute. The defendant introduced evidence tending to prove that a line,

*D*, *P*, so drawn between the said two lots Nos. 26 and 27 as to make them equal, leaves the land in dispute within the limits of lot No. 26.

It appeared that certain lots, called the Home Lots, were laid out about six years before the Summer-street and Winter-street lots. The home lots were, according to the original plan of the town, situated in relation to the others as above represented, and the line *D*, *M*, was upon that plan a straight line.

The plaintiff introduced evidence which tended to prove that the line of the home lots, which is represented on the preceding plan as *a*—*b*, was a straight line, well known and recognized by the owners of adjoining lots as the original head line of those lots; and that the line so known and recognized, if extended straight through between the Summer-street and the Winter-street lots to *C*, as marked on the preceding plan, leaves the land in dispute within lot No. 27.

The judge who tried the cause was of opinion, that if no line, originally established as the dividing line between the said two ranges, nor any line subsequently established by the agreement of the owners of lots Nos. 26 and 27, as the dividing line of those lots, could be found, then a line so drawn as to make those lots equal, was the true line. But the plaintiff's counsel having very earnestly insisted that it ought, in case no settled line was found, to be left to the jury to say whether the line, marked *a*—*b* on the preceding plan, extended straight between the said ranges to *c*, or a line dividing lots Nos. 27 and 26 so as to make them equal, was the true, it was finally left to the jury, as a matter of fact, to say which of those lines was the true one.

The jury having returned a verdict in favor of the plaintiff, the defendant moved for a new trial upon the above case.

*Stickney* and *Christie*, for the plaintiff.

*Sullivan* and *Bartlett*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

It did not appear in this case that the dividing line where the ends of the lots in the Summer-street range meet the ends of the lots in the Winter-street range, was originally run out and marked. But it appears by the original plan of the allotments, that all the lots in those ranges were numbered at the other ends of them; that is, upon the lines represented by *A E* and *W S*, on the plan that accompanies this case. And that indicates that the said lines, represented by *A E* and *W S* on the plan, were originally run out and marked. And it does not appear that there has ever been any controversy as to the true situation of those lines, as originally run and marked.

This being the case, if the dividing line between lot No. 26, in the Summer-street range, and lot No. 27, in the Winter-street range, has never been settled and determined, how is it to be determined? The record of the laying out of the two ranges states, and the original plan shows, that all the lots in both ranges are of the same length. The rule, then, which common sense prescribes to find the true dividing line, is to find a line that will make those lots of equal length.

The circumstance, that on the original plan one of the lines of the home lots is in the same right line which divides the said two ranges, is not of the slightest importance. The person who drew that plan probably supposed that the said two ranges had been so located as to make it so. But the dividing line between the two ranges, where it has not been settled by the owners of adjoining lots, is to be determined—not by any supposition of the maker of the plan—but by finding the lines at the other ends of the lots, as originally run and marked, and then so drawing the dividing line as to make all the lots in both ranges equal in length.

We are, therefore, of opinion, that the cause was submit-

ted to the jury without correct and proper instructions as to the law that applies to it ; and for this cause the verdict is set aside and

*A new trial granted.*